IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ralph John ("Trey") Fallows, III, | ) | CASE NO. 4:19-cv-01182-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' MOTION TO STAY** |
| | ) | **DEADLINES IN SCHEDULING** |
| Coastal Carolina University, Michelyn | ) | **ORDER PENDING RESOLUTION OF** |
| Pylilo, individually, and Travis E. | ) | **DEFENDANTS' MOTION FOR** |
| Overton, individually, | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Civil Rule 16.00(C) (D.S.C.), Coastal Carolina University ("CCU"), Michelyn Pylilo ("Pylilo"), and Travis E. Overton ("Overton") or collectively as ("Defendants"), hereby respectfully move this Court for an Order staying all scheduling deadlines until such time as this Court has ruled on Defendants' pending Motion for Summary Judgment filed on October 3, 2022. In support of this Motion, Defendants show as follows:

**PROCEDURAL HISTORY**

Plaintiff Ralph John (Trey) Fallows, III ("Plaintiff") filed his Complaint on April 23, 2019, primarily asserting claims under Title IX. (*See* **Document Entry #1**). On May 15, 2019, after Defendants filed their Answer, this Court issued a Scheduling Order. (*See* **Document Entry #8**). Subsequently, this Court entered three consecutive Amended Scheduling Orders. (**See Document Entries #13, #16, #36, and #40**). On October 3, 2022, Defendants filed a Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment. (***See* Document Entries #46 and #47**). Although Plaintiff's response was due October 17, 2022, Defendants consented to, and this Court entered, a Consent Order for Extension of Time allowing Plaintiff until October 24, 2022, to respond to Defendants' Motion for Summary Judgment. (***See* Document**

49226026 v1

**Entry #50**). Pursuant to the Fourth Amended Scheduling Order, this case is subject to being called for jury selection and/or trial on or after November 28, 2022. (***See* Document Entry #40**).

In light of Defendants' pending Motion for Summary Judgment, Defendants have good cause to believe that further preparations by both parties pursuant to the Fourth Amended Scheduling Order may result in wasted time, effort, and expense for this Court, the parties, and parties' counsel. When this Court resolves Defendants' Motion for Summary Judgment, it may decide some or all of the claims in this case, and thus limit or eliminate the need for further discovery or trial preparation by both parties. Therefore, Defendants respectfully bring this Motion to stay all scheduling deadlines in the Fourth Amended Scheduling Order until this Court has decided Defendants' Motion for Summary Judgment. Defendants also request that this Court enter a new scheduling order after making its summary judgment determination.

## LEGAL STANDARD

Local Civil Rule 16.00(C) (D.S.C.) expressly provides that this Court, upon separate motion by any party "may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a . . . dispositive motion." The Court should grant a motion under Rule 16.00(C) when "a dispositive motion may resolve all claims against a defendant and render discovery unnecessary." *See Eleazu v. Dir. Us Army Network Enter. Ctr.*, No.: 3:20-2576-JMC-SVHm, 2020 U.S. Dist. LEXIS 219164, 2020 WL 6875538, at *16 (D.S.C. Nov. 23, 2020) (citing Local Civ. Rule 16.00(C) (D.S.C.)). When a party has filed a Motion for Summary Judgment, it is appropriate for the Court to grant a motion to stay pursuant to Rule 16.00(C). *See Rhodes v. Safe Auto Ins. Co.*, 2021 U.S. Dist. LEXIS 102605, 2021 WL 7501832, at *8–9 (D.S.C. June 1, 2021) (granting motion to stay "[i]n light of the fact that a

49226026 v1

dispositive motion is pending before the court and in the interest of judicial economy and efficiency").

This Court also has the inherent "power to stay proceedings . . . incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). *See also Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016) ("A district court has broad power to issue stays to control its docket"). In determining whether to exercise this power, this Court may consider: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *J.R. v. Walgreens Boots Alliance*, No. 2:19-cv-446-DCN (SEALED), 2019 U.S. Dist. LEXIS 236428, at *3–4 (Nov. 19, 2019) (citing *Impulse Monitoring, Inc. v. Aetna Health, Inc.*, No. 3:14-cv-02041-MGL, 2014 U.S. Dist. LEXIS 133116, 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014)) (citation omitted). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it." *Thomas v. Andino*, No. 3:20-cv-01552-JMC, 2020 U.S. Dist. LEXIS 171428, 2020 WL 5593847, at *6 (D.S.C. Sept. 18, 2020) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979)). Alternatively, even if a stay of scheduling order deadlines is not required, an extension of the deadlines may be appropriate. *See Casey v. Plastic Omnium Auto Exterior LLC*, No. 8:11-1432, 2011 U.S. Dist. LEXIS 135866, 2011 WL 5830139, at *4 (D.S.C. Oct. 24, 2011).

## **ARGUMENT**

This Court should enter an Order staying all deadlines in the Fourth Amended Scheduling Order pending its resolution of Defendants' Motion for Summary Judgment. This Court has the express power to stay all deadlines under Rule 16.00(C) and the inherent power to control its

3

49226026 v1

docket to ensure economy of time and effort for itself, for counsel, and for litigants. Here, Defendants' Motion for Summary Judgment is a dispositive motion that will likely resolve some or all of the issues in this case. Thus, staying the scheduling deadlines in the Fourth Amended Scheduling Order will ensure judicial economy and avoid wasting this Court's valuable time and resources. Also, staying the scheduling deadlines will prevent hardship to both parties by avoiding the need for the parties to unnecessarily engage in costly and time-consuming discovery, litigation issues, and trial preparation that may become moot after this Court resolves Defendants' Motion for Summary Judgment. Finally, Plaintiff will not suffer any prejudice from the stay because it will only be temporary, pending resolution of Defendants' Motion for Summary Judgment. Notably, Plaintiff has previously consented to three amendments to the scheduling order extending the deadlines in this case and also requested an extension of time to respond to Defendants' summary judgment motion. Therefore, this Court should grant this Motion to stay all scheduling deadlines until this Court has ruled on Defendants' pending Motion for Summary Judgment.

Pursuant to Local Civil Rule 16.00(C) (D.S.C.), "[n]o consultation or separate memorandum is required" to support this Motion. However, counsel for Defendants have nonetheless consulted with Plaintiff's counsel, requesting a consent order to stay, and Plaintiff's counsel has not responded to that request to date.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay all scheduling deadlines in the Fourth Amended Scheduling Order pending its resolution of Defendants' Motion for Summary Judgment and enter a new scheduling order after such Motion has been decided. In addition, Defendants pray for such other and further relief as the Court may deem just and proper under the circumstances.

4

5

Dated: October 14, 2022        **BURR & FORMAN LLP**

                                         By:    */s/ James K. Gilliam*
                                                  James K. Gilliam     (Fed ID 10761)
                                                  104 South Main St., Suite 700 (29601)
                                                  Post Office Box 447
                                                  Greenville, SC  29602
                                                  864.271.4940 (Telephone)
                                                  864.271.4015 (Facsimile)
                                                  jgilliam@burr.com
                                                  ATTORNEY FOR DEFENDANTS

49226026 v1