# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Ralph John ("Trey") Fallows, III, | ) CASE NO. 4:19-cv-01182-JD |
| Plaintiff, | ) |
| v. | ) **DEFENDANTS' RESPONSE TO** |
| Coastal Carolina University, Michelyn Pylilo, individually, and Travis E. Overton, individually, | ) **PLAINTIFF'S MOTION TO EXPEDITE FOR A PRE-TRIAL STATUS CONFERENCE** |
| Defendants. | ) |

Defendants offer this Response to Plaintiff's "Motion to Expedite For a Pre-Trial Status Conference" [*Entry #92*]. As an initial matter, Plaintiff requested a status conference from this Court by email dated November 3, 2022, and in this instant motion, Plaintiff moves to expedite that request. Plaintiff's request for a status conference (and his motion to expedite that request) amounts to a request for the Court to prioritize ruling on certain motions over others. Plaintiff asks the Court to prioritize ruling on his Motion to Reopen Discovery [*Entry # 67*] and his Motions to admit two New York attorneys *pro hac vice* [*Entries #65 & 73*]. Defendants disagree that Plaintiff's Motions should be prioritized over other pending motions for the following reasons.

*First*, it would be illogical for this Court to rule on Plaintiff's Motion to Reopen Discovery before ruling on Defendants' Motion to Strike [*Entry #94*]. In support of Plaintiff's Motion to Reopen Discovery, he relies **exclusively** on the affidavit of Mr. Kenneth "Tad" Reed [*Entry #69*]. In other words, Mr. Reed's affidavit is the only "evidence" Plaintiff relies on in support of his Motion to Reopen Discovery. Defendants moved to strike Mr. Reed's affidavit in its entirety in their Motion to Strike [*Entry #94*]. If the Court strikes Mr. Reed's affidavit, it would moot Plaintiff's Motion to Reopen Discovery.

49542497 v1

*Second*, Plaintiff does not explain the delay associated with the filing of Mr. Reed's affidavit and the slow pursuit of the alleged report briefly and generically described in Mr. Reed's affidavit. This Court should not prioritize ruling on any motions in the face of such unexplained delay. Plaintiff named Mr. Reed as a witness on April 1, 2021 [*Entry #85, p. 5*]. Plaintiff did not file his Motion to Reopen Discovery or Mr. Reed's affidavit until eighteen (18) months later [*Id.; Entry #67*]. Plaintiff claims he only learned of the alleged report when he received Mr. Reed's affidavit. *See Entry #67, pp. 1-2* ("This newly discovered evidence came to light when Pylilo's former supervisor, Kenneth W. 'Tad' Reed, Jr. furnished plaintiff with an affidavit."). Yet, according to Mr. Reed's affidavit, the alleged report dates back to his "arriv[al]" as an employee at the University, which according to Mr. Reed was in 2018 [*Entry #69, p. 1, p. 3*]. Thus, the alleged report was in existence at the time when Plaintiff named Mr. Reed as a witness on April 1, 2021. If Plaintiff would have diligently pursued the report, he would not find himself in the position he is now, asking this Court to reopen discovery. More than that, Plaintiff does not explain his delay from April 1, 2021 (the day he named Mr. Reed as a witness) until November 3, 2022 (the day he filed his Motion to Reopen Discovery) in seeking the alleged report.

*Third*, Plaintiff failed to prioritize finalizing the briefing on his Motion to Reopen Discovery. Plaintiff filed his Motion to Reopen Discovery on November 3, 2022 [*Entry #67*]. Defendants filed a Response Memorandum on November 17, 2022 without requesting any extension of time [*Entry #85*]. To this day (December 5, 2022), Plaintiff has not filed a Reply. Initially, Plaintiff's Reply was due on November 28, 2022 [*Entry #104*]. Plaintiff requested an 18-day extension until December 16, 2022 to file the Reply [*Id.*]. Plaintiff did not articulate a single reason as to why he needed the additional time to file the Reply. If Plaintiff wanted his Motion to Reopen Discovery heard in expeditious fashion, he should exercise diligence in readying it for the

Court. He has not. Rather than do that, Plaintiff continues to operate on his own schedule and seems to expect the Court and Defendants to accommodate him. The Court should not prioritize ruling on Plaintiff's Motion to Reopen Discovery when Plaintiff has not prioritized finalizing the briefing on this Motion.

*Fourth*, the parties do not decide when the Court rules on pending motions. The Court makes these decisions. Neither party should have the ability to prioritize when the Court rules on pending motions. The Court is in the best position to make those determinations and manage its docket. It does not need help from counsel. Additionally, it is a waste of time for the parties to file memoranda with the Court arguing about how the Court should prioritize ruling on pending motions.

*Fifth*, the pending motions filed by Plaintiff are not entitled to any priority. As set forth above, if the Court grants Defendants' Motion to Strike, Plaintiff's Motion to Reopen Discovery is moot. Likewise, it the Court grants Defendants pending Motion for Summary Judgment [*Entry #46*], which was filed one month prior to Plaintiff's Motion to Reopen Discovery, the entire case, including Plaintiff's Motions to appear *pro hac vice*, are moot.

*Sixth*, the Court should carefully scrutinize whether to grant the pending motions for *pro hac vice*. Since the filing of these motions, Plaintiff has made serious false allegations against counsel for Defendants.[1] Plaintiff called counsel for Defendants liars and accused them of perpetuating a fraud on the Court [*Entry #86, p. 2*]. There is absolutely no merit to these allegations [*Entry # 105, pp. 2-5*]. In addition, since the filing of the motions for *pro hac vice*, Plaintiffs made a number of misrepresentations in their Response Memorandum Opposing Defendants' Motion

---

[1] Defendants have no way of knowing who is responsible for making these false allegations and misrepresentations. That is why Defendants believe the Court should inquire into these matters.

for Summary Judgment [*Entry #70*]. Defendants identified those misrepresentations in detail in their Reply Memorandum [*Entry #93, pp. 1-5*]. These are serious matters warranting the Court's close attention. Most motions for *pro hac vice* are perfunctory. These are not, and the Court should carefully consider them.

For the foregoing reasons, this Court should deny Plaintiff's Motion to Expedite and grant such other and further relief to the Defendants as it deems just and proper under the circumstances.

Dated:  December 5, 2022                              **BURR & FORMAN LLP**

                                                            By:    */s/ James K. Gilliam*
                                                                   James K. Gilliam (Fed ID 10761)
                                                                   104 South Main St., Suite 700 (29601)
                                                                   Post Office Box 447
                                                                   Greenville, SC  29602
                                                                   864.271.4940 (Telephone)
                                                                   864.271.4015 (Facsimile)
                                                                   jgilliam@burr.com

                                                                   *Attorney for Defendants*