IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Ralph John ("Trey") Fallows, III, | ) | Case No.: 4:19-cv-01182-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Coastal Carolina University, | ) | |
| Michelyn Pylilo, individually, and | ) | |
| Travis E. Overton, individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendants Michelyn Pylilo and Tavis E. Overton's (collectively "Defendants") Motion to Alter or Amend (DE 155) the Court's June 9, 2023, Order ("Order") denying in part Defendants' Motion for Summary Judgment. For the reasons below, the motion is denied.

This Court considers this motion under Federal Rule of Civil Procedure 54(b) for an abuse of discretion. See Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (citation omitted). "[A] a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (citations omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." Id. (citations omitted).

Defendants contend:

1

>the Court should amend its Order to find that Defendants adequately notified Plaintiff and the Court of Defendants' grounds for seeking summary judgment on Plaintiff's Section 1983 claim; (2) because Defendants adequately addressed the basis for granting summary judgment in Defendants' Motion, the Court should address the arguments in Defendants' Motion and in Defendants' Reply to Plaintiff's Response in Opposition to Summary Judgment ("Defendants' Reply") and grant summary judgment to the Defendants; and (3) if the Court is not persuaded that Defendants' Motion adequately addressed the constitutional grounds for Plaintiff's Section 1983 claim, the Court should employ its significant flexibility under Rule 56 to grant summary judgment of its own accord because the record is devoid of any genuine issues of material fact and proceeding to trial would constitute manifest injustice.

(DE 155, pp. 1-2.) In opposition, Plaintiff contends, "Defendants then make arguments which could have been made in their original motion for summary judgment" and "the Court need not consider the additional arguments raised by Defendants, which include their effort to establish facts that could have been argued originally." (DE 159, p. 2, 3.) The Court agrees.

On reconsideration, the Court is constrained in its review, and Plaintiff has not sufficiently articulated how the Court's Order fits into one of the enumerated basis for reconsideration. Rather Defendants disagree with the Court's conclusion in its Order and attempts to bolster its arguments in favor of granting summary judgment.

Given the foregoing, Defendants fail to demonstrate an error of law or manifest injustice. Therefore, the Court's Order is not a clear error causing manifest injustice, nor has there been a subsequent trial producing substantially different evidence or a change in applicable law. Accordingly, there is no basis to reconsider the Court's prior Order.

## **CONCLUSION**

For these reasons, the Court denies Defendants' Motion to Alter or Amend (DE 155).

2

3

**IT IS SO ORDERED.**

                                                                              _____
                                                                              Joseph Dawson, III
                                                                              United States District Judge

Florence, South Carolina
October 16, 2023